Original

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 27 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CONNIE IRONS,                           :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     : CIVIL ACTION NO.
                                        :
FULTON COUNTY SCHOOL                    : 1:07-CV-1781
DISTRICT, FULTON COUNTY                 :
SCHOOLS EMPLOYEES' PENSION              :
BOARD,                                  : JURY TRIAL DEMANDED
                                        :
        Defendant.                      :
_____:

# C O M P L A I N T

COMES NOW, Plaintiff CONNIE IRONS, through her attorney Stephen M. Katz, and for her Complaint, respectfully shows to this Court and alleges as follows:

## JURISDICTION

1.

This Court has jurisdiction over Plaintiff's claims. This is an action to recover damages under an Act of Congress providing for the Protection of Civil Rights, and) to recover damages under federal law.

## VENUE

2.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Irons's claims arose entirely within the Northern District of Georgia.

## PARTIES

3.

Plaintiff CONNIE IRONS ("Irons" or "Plaintiff") lives in Georgia and at all times relevant to this action has been a resident of the Northern District of Georgia.

4.

Defendant Fulton County School District is a school district within the meaning of the Ga. Const. Art. VIII, § V, ¶ 1 and O.C.G.A. § 20-2-50. The Fulton County School District, like other school districts in Georgia, has the capacity to sue and be sued.

5.

Defendant Fulton County Schools Employees Pension Board is an entity created by the Fulton County Board of Education pursuant to the authority set forth in O.C.G.A. § 20-1-2. The Pension Board is an entity which, together

with the Fulton County School District, employs 15 or more individuals.

## CONDITIONS PRECEDENT

6.

Irons has exhausted her administrative remedies with the EEOC by obtaining a right to sue notice. This action is brought within ninety (90) days of Irons's receipt of the "Right to Sue Notice."

## FACTUAL BACKGROUND

7.

Irons, a female, is currently employed by the Defendants in the pension department as a pension counselor.

8.

In or about late June or early July, 2005, Irons was interviewed after being identified as a witness by two employees who filed a lawsuit against defendants asserting violations of Title VII of the Civil Rights Act of 1964.

9.

Irons provided information and testimony relating to the Title VII claims asserted by the other employees.

10.

Specifically, Irons advised Defendants that there was no rational business reason why the person receiving the promotion would have been selected over the two individuals filing the lawsuit, i.e. that no rational employer, viewing the candidates dispassionately and from a business perspective, would have preferred the person who received the promotion over the individuals asserting the Title VII claim.

11.

In or about the Summer, 2006, and prior thereto, Irons expressed interest in a promotion with Defendants.

12.

In the Summer, 2006, a lesser qualified White female received a promotion instead of Irons.

13.

Irons's supervisor, the person making the promotion decision, informed Irons's co-worker that Irons did not receive the promotion because the supervisor did not like Irons's participation as a witness in the Title VII lawsuit. The co-worker has testified under oath by declaration to the conversation in which the supervisor

admitted she did not promote Irons due to participation as a witness in a Title VII lawsuit.

14.

Upon learning that the lesser qualified employee received a promotion, Irons filed a charge of discrimination with the United States Equal Employment Opportunity Commission. (EEOC).

15.

As a direct and proximate cause of Defendant's conduct, Irons has suffered financial and emotional harm.

### Claims for Relief

#### COUNT I

VIOLATION OF 42 U.S.C. § 2000e et seq.

(Race Discrimination)

16.

Irons repeats, re-alleges, and reavers each and every allegation set forth in paragraphs 1-15 above as if fully set forth at length herein.

17.

Irons, a African-American female, is a member of a protected class as that term is defined under Title VII of the Civil Rights Act of 1964.

18.

Defendant, at all relevant times employed more than 15 people, and is therefore an "employer," as that term is defined under Title VII.

19.

Defendants, having common ownership, inter-related operations, and an integrated Human Resources function, at least at the time of the discrimination and retaliation, are "single" or "joint" employers as that term has been defined and interpreted under Title VII.

20.

Irons's race, i.e. African-American, was a motivating factor for Defendant's decision to terminate her employment.

21.

As a direct and proximate result of Defendants' acts and omissions, Irons has suffered emotional harm and economic losses.

22.

Irons is entitled to recover from Defendants back pay, compensatory damages, instatement to the position sought or front pay in lieu thereof, costs, pre and post-judgment interest, and attorney's fees.

## COUNT II

### (Title VII Retaliation)

23.

Irons repeats and realleges each and every paragraph set forth in paragraphs 1-22 above as if fully set forth at length herein.

23.

Irons engaged in protected expression by participating as a witness in a Title VII employment discrimination lawsuit pending in federal court.

24.

Irons suffered an "adverse employment action" in that Defendants refused to promote her.

25.

Defendants' conduct in not promoting Irons was not "wholly unrelated" and, in fact, was directly related to Irons's exercise of protected expression under Title VII.

26.

The Defendants' explanation for its actions was a pretext for unlawful retaliation.

27.

As a direct and proximate result of the Defendants' unlawful retaliation, Irons has suffered emotional harm for

which she is entitled to recover lost wages, compensatory and punitive damages, and attorneys fees from the Defendant.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

(a) That Plaintiff have and recover of Defendants, jointly and severally, actual and compensatory damages on in an amount to be proven at trial, including back pay and "pain and suffering" damages;

(b) That Plaintiff have and recover of Defendants, jointly and severally, Plaintiff's expenses of litigation, including costs and reasonable attorneys' fees as provided by law.

(c) Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., Plaintiff have **TRIAL BY JURY**;

(d) That Plaintiff have such other, further, and different relief as this Court deems appropriate.

This 26th day of July, 2007.

                      Respectfully submitted,

By: _____
      STEPHEN M. KATZ
      Ga.Bar No. 409065

284 Village Parkway, NW
Marietta, Georgia 30067-4062
Telephone: 404.848.9658
Facsimile: 404.848.9904
E-Mail:   smkatz@smk-law.com
            stephenkatz@bellsouth.net